UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED
FEB 27 2025
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                          INDICTMENT NO. 7:25-cr-07-KKC

BRADFORD HUNT

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about October 27, 2022, in Floyd County, in the Eastern District of Kentucky,

**BRADFORD HUNT**

did knowingly and intentionally possess with the intent to distribute controlled substances, including 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

### COUNT 2
### 18 U.S.C. § 924(c)(1)(A)

On or about October 27, 2022, in Floyd County, in the Eastern District of Kentucky,

**BRADFORD HUNT**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he

may be prosecuted in a Court of the United States, as set forth in Count 1, that is, possession with the intent to distribute controlled substances, in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about October 27, 2022, in Floyd County, in the Eastern District of Kentucky,

**BRADFORD HUNT,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, to wit: (1) a Taurus, Model G2C, 9mm semi-automation handgun with serial number ACD829621; and (2) a black revolver with no visible make or model, with serial number 30728, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

1. By virtue of the commission of the felony offenses alleged in Count 1 of the Indictment, **BRADFORD HUNT** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **BRADFORD HUNT** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Counts 2 and 3 of the Indictment, **BRADFORD HUNT** shall forfeit to the United States any and all firearms and

ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and 924. Any and all interest that **BRADFORD HUNT** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following:

   **CURRENCY:**

   a. $1,465.00

   **FIREARMS:**

   a. Taurus, Model G2C, 9mm semi-automation handgun with serial number ACD829621;
   b. Black revolver with no visible make or model, with serial number 30728; and
   c. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**



**FOREPERSON**

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## PENALTIES

### COUNT 1:

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

### COUNT 2:

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

### COUNT 3:

Not more than 15 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.