# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

**CRIMINAL NO. 7:25-CR-007-KKC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **JURY INSTRUCTIONS** |
| **BRADFORD HUNT** | **DEFENDANT** |

\* \* \* \* \*

Pursuant to the Court's standing Pretrial and Trial Management Order, the United States submits the following proposed agreed jury instructions. In addition to the attached substantive instructions, the United States also requests the following Sixth Circuit Pattern Jury Instructions be used (if applicable): §1.01 through 1.09, §§ 2.01A, 2.04, 2.08, 2.10, 2.11, 2.12, 7.01, 7.02A or 7.02B (whichever is applicable), 7.03, 7.03A, 7.05A (if applicable), 7.07, 7.14, 7.19, 7.21, and 8.01 through 8.10.

The United States respectfully reserves the right to withdraw or submit additional instructions if the evidence at the trial so warrants.

        Respectfully submitted,

        PAUL C. McCAFFREY
        ACTING UNITED STATES ATTORNEY

By: */s/ Andrew H. Trimble*
   Assistant United States Attorney
   601 Meyers Baker Rd. Suite 200
   London, KY 40741
   (606) 330-4838
   FAX (606) 864-3590
   Andrew.Trimble@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to counsel of record.

        s/ *Andrew H. Trimble*
        Assistant United States Attorney

# INSTRUCTION NO. ___[1]
## 21 U.S.C. § 841(A)(1)
## POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE

(1)  The defendant is charged with the crime of possession of a controlled substance, including methamphetamine or fentanyl, with intent to distribute. Both methamphetamine and fentanyl and are controlled substances. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A)  First, the defendant knowingly possessed a controlled substance, including methamphetamine or fentanyl.
>
> (B)  Second, the defendant intended to distribute a controlled substance, including methamphetamine or fentanyl.

(2)  Now I will give you more detailed instructions on some of these terms.

> (A)  First, I want to explain something about possession:
>
>> (1) The government does not necessarily have to prove that the defendant physically possessed the methamphetamine or fentanyl for you to find him guilty of this crime. The law recognizes two kinds of possession--actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.
>>
>> (2) To establish actual possession, the government must prove that the defendant had direct, physical control over the methamphetamine or fentanyl, and knew that he had control of it.
>>
>> (3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the methamphetamine or fentanyl, and knew that he had this right, and that he intended to exercise physical control over methamphetamine or fentanyl at some time, either

---

[1] *See* Sixth Circuit, Pattern Criminal Jury Instruction §§ 14.01, 2.02, 2.10, 2.11.

    directly or through other persons.

  (4) For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

  (5) One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the methamphetamine or fentanyl. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

  (6) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the methamphetamine or fentanyl, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

(B) To prove that the defendant "knowingly" possessed the fentanyl and methamphetamine, the defendant did not have to know that the substances were fentanyl and methamphetamine. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl and methamphetamine he possessed. It is enough that the defendant knew that he possessed some quantity of fentanyl or methamphetamine.

(C) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(3) In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value

of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. ___ [2]
## 21 U.S.C. § 841(a)(1)
## UNANIMITY REQUIRED: DETERMINING AMOUNT OF CONTROLLED SUBSTANCE

(1) The defendant is charged in Count One of the Indictment with possession with the intent to distribute a mixture or substance with a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of fentanyl. If you find the defendant guilty of this charge, you will then be asked to determine the quantity of the controlled substances involved in the offense. You will be provided with a special verdict form for this purpose.

(2) If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, then please indicate this finding by checking that line on the special verdict form. If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict form.

(3) If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity. If you unanimously find that the government has proved beyond a reasonable doubt that the offense involved less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine or less than 40 grams or a mixture or substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict form.

(4) In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

---

[2] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 14.07A.

# INSTRUCTION NO. \_\_\_[3]

## DEFINITION OF CRIME CHARGED IN INDICTMENT: POSSESSING A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

(1) Count Two of the Indictment charges the defendant with violating federal law by possessing a firearm in furtherance of a crime of violence or a drug trafficking crime.

> For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
> (A) First: That the defendant committed the crime charged in Count One. Possession with the intent to distribute controlled substances, including methamphetamine or fentanyl, is a drug trafficking crime which may be prosecuted in a court of the United States.
>
> (B) Second: That the defendant knowingly possessed a firearm.
>
> (C) Third: That the possession of the firearm was in furtherance of the crime charged in Count One.

(2) Now I will give you more detailed instructions on some of these terms.

> (A) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device.
>
> (B) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.
>
> (C) The term "possession" means Actual or Constructive Possession as those terms are defined in Jury Instruction \_\_\_. The defendant does not have to own the firearm in order to possess the firearm.

---

[3] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 12.03.

  (D) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged in Count One. In deciding whether the firearm was possessed to advance or promote the crime charged in Count Five, you may consider these factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found. This list is not exhaustive.

(3) The government need not prove that a particular firearm was possessed in furtherance of the drug trafficking crime.

(4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

# INSTRUCTION NO. ___[4]
## POSSESSION OF A FIREARM BY A CONVICTED FELON

(1) Count Three of the Indictment charges the defendant with being a convicted felon in possession of a firearm.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

> (A)  First:  That the defendant has been convicted of a crime punishable by imprisonment for more than one year.
>
> (B)  Second:  That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment.
>
> (C) Third:  That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year.
>
> (C) Fourth:  That the specified firearm crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky.

(2) Now I will give you more detailed instructions on some of these elements.

> (A)  The term "possession" includes Actual or Constructive Possession and Joint Possession as those terms are defined in Jury Instruction ___ and ___.  The defendant does not have to own the firearm in order to possess the firearm.
>
> (B) The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.
>
> (C) The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

---

[4] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 12.01.

# INSTRUCTION NO. ___[5]
# FLIGHT

(1) You have heard testimony that after the crime was supposed to have been committed, the defendant engaged in flight from law enforcement.

(2) If you believe that the defendant engaged in flight, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may engage in flight for some other reason. The defendant has no obligation to prove that he had an innocent reason for his conduct.

---

[5] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 7.14.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

**CRIMINAL NO. 7:25-CR-007-KKC**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

V.                                           **JURY VERDICT**

**BRADFORD HUNT**                                                               **DEFENDANT**

**\*\*\*\*\*\*\***

We, the jury, find the defendant, Bradford Hunt, as to the crimes charged in the Indictment:

**COUNT ONE**     GUILTY _____          NOT GUILTY _____

**COUNT TWO**     GUILTY _____          NOT GUILTY _____

**COUNT THREE**   GUILTY _____          NOT GUILTY _____


_____
DATE


_____
FOREPERSON

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# PIKEVILLE

**CRIMINAL NO. 7:25-CR-007-KKC**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

**V.**                          **SPECIAL VERDICT FORM**

**BRADFORD HUNT**                                           **DEFENDANT**

\*\*\*\*\*\*\*

We, the jury, unanimously find the following[6]:

Count 1:

Question 1. With respect to Count One of the Indictment for possession with the intent to distribute a mixture or substance containing a detectable amount of methamphetamine we find the defendant Bradford Hunt:

    Guilty _____                      Not Guilty _____

    If you answered guilty in response to Question 1, proceed to Question 1(a).

    If you answered not guilty in response to Question 1, skip Question 1(a).

Question 1(a). With respect to Count One, the amount of the mixture or substance containing a detectable amount of methamphetamine was: (indicate answer by checking one line below):

    _____ 50 grams or more but less than 500 grams

    _____ less than 50 grams

---

[6] *See* Sixth Circuit, Pattern Criminal Jury Instruction § 14.07A (Special Verdict Form 14.07A-1).

Count 1:

Question 2.   With respect to Count One of the Indictment for possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl we find the defendant Bradford Hunt:

    Guilty _____               Not Guilty _____

    If you answered guilty in response to Question 2, proceed to Question 2(a).

    If you answered not guilty in response to Question 2, skip Question 2(a).

Question 2(a). With respect to Count One, the amount of the mixture or substance containing a detectable amount of fentanyl was: (indicate answer by checking one line below):

    _____ 40 grams or more but less than 400 grams

    _____ less than 40 grams


_____
DATE

_____
FOREPERSON