UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:25-CR-07-KKC

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                        **PLEA AGREEMENT**

BRADFORD HUNT                                               DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One and Count Two of the Indictment. Count One charges a violation of 21 U.S.C. § 841, possession with the intent to distribute controlled substances, including 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Count Two charges a violation of 18 U.S.C. §924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking offense. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count Three. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

   (a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance;

   (b) The Defendant had the intent to distribute such substances;

   (c) The offense involved 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

   The essential elements of Count Two are:

   (a) That the Defendant committed the crime of possession with the intent to distribute controlled substances, a drug trafficking offense which may be prosecuted in a court of the United States;

   (b) That the Defendant knowingly possessed a firearm; and

   (c) That the possession of this firearm was in furtherance of the aforementioned drug trafficking offense.

   (i) The term "in furtherance of" means that the firearm was possessed to advance or promote the crime charged considering the following non-exhaustive factors: (1) whether the firearm was strategically located so that it was quickly and easily available for use; (2) whether the firearm was loaded; (3) the type of weapon; (4) whether possession of the firearm was legal; (5) the type of drug trafficking crime; and (6) the time and circumstances under which the firearm was found.

3. As to Counts One and Two, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a) On or about October 27, 2022, law enforcement was attempting to execute an arrest warrant at a residence in Floyd County, in the Eastern

District of Kentucky. When they arrived at the residence, they observed the Defendant as the sole occupant in a vehicle. The Defendant fled on foot, did not comply with commands to stop, and resisted arrest.

(b) On the center console of vehicle where the Defendant had been, law enforcement located 132 grams of methamphetamine and 87 grams of fentanyl. The Defendant possessed these controlled substances and intended to distribute them. Law enforcement also located a loaded handgun tucked between the center console and the driver seat. The firearm was in close proximity to the controlled substances and was readily accessible to the Defendant while he was in the vehicle. Also located in the vehicle was a second firearm and $1,465.00 in United States currency. The Defendant was a felon and, as a result, was not permitted to possess firearms. The Defendant possessed these firearms to protect himself from the dangers associated with drug trafficking, including attempted robbery of his drugs and drug proceeds.

4. The statutory punishment for Count One is imprisonment for not less than 5 years and not more than forty years, a fine of not more than $5,000,000, and a term of supervised release of at least 4 years. The statutory punishment for Count Two is not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release. A mandatory special assessment of $200.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect

at the time of sentencing will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which

he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that may have already submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 8/8/25     By: _____
                     Andrew H. Trimble
                     Assistant United States Attorney

Date: 8/7/25     _____
                 Bradford Hunt
                 Defendant

Date: 8/7/25     _____
                 Richard A. Hughes
                 Attorney for Defendant